# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:13-CR-100-DBH |
| | ) | |
| YAIRA RAMOS, | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S ORAL MOTION
## TO STRIKE PORTION OF INDICTMENT

At a presentence conference, the defendant's lawyer made an oral motion under Fed. R. Crim. P. 7(d) to strike, as surplusage, portions of the single-count indictment to which the defendant had pleaded guilty. The indictment charged the defendant with making two false statements to the grand jury. At her guilty plea hearing, she admitted making one false statement but denied that the other statement was false. Ultimately, the government's prosecution version referred to only the single false statement that she admitted. The defendant argues that United States v. Newell, 658 F.3d 1 (1st Cir. 2011), has established that it was improper to charge two false statements in one count, and that I should therefore strike the indictment's allegation of the false statement whose falsity she did not admit. The government takes no position.

I deny the motion. For purposes of the motion, I will accept the argument that Newell establishes that an indictment should contain only one

actionable false statement per count.[1] Newell reasoned that if two or more discrete crimes are alleged in a single count, some jurors might find one statutory violation while other jurors found a different one, and there would be no way for a reviewing court to know if the jury was unanimous on which crime was proven. In such a situation, Newell requires a jury instruction that the jury must be unanimous on at least one actionable misdeed.[2] Here I do not have that problem. The prosecution established and the defendant admitted only one false statement. There is no ambiguity. The fact that the indictment should perhaps have contained two counts does not make the allegation of the second false statement surplusage.

Aside from Newell's unanimity issue, the general concern of Rule 7(d) surplusage reflected in the cases and commentary is that some instances of surplusage might prejudice a jury. 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal § 128 (4th ed. 2008 & Supp. 2013) (citing cases). There is no such possibility here because the defendant pleaded guilty and there will be no jury trial.

Finally, I observe that it is not uncommon for a defendant at a Rule 11 hearing to admit only some of the prosecution's allegations or for the prosecution's assertions to deal with only some of the indictment's allegations. Although the presiding judge must determine whether there is a factual basis

---

[1] Newell involved intentional misapplication of funds. But the First Circuit cited approvingly other appellate decisions that reached the same conclusion where a single count involved multiple false statements or documents. Newell, 658 F.3d at 26-27. Newell calls such indictments "duplicitous." Id. at 22, 23.

[2] Actually, Newell found the lack of such an instruction not to be plain error in that case, but it did find error. Newell, 658 F.3d at 28.

2

for a guilty plea to the offense charged, Fed. R. Civ. P. 11(b)(3), I do not understand Rule 7(d) to add, in that context, additional motion practice based upon considerations and arguments about surplusage. As the First Circuit stated in Newell, "[d]etermining whether the challenged counts were duplicitous" is often "no easy matter." 658 F.3d at 23.

Accordingly the oral motion to strike is **DENIED**.

**SO ORDERED.**

**DATED THIS 14TH DAY OF JANUARY, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**